DLD-093                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2698
_____

FRANCIS R. FERRI,
                                        Appellant

v.

ATTORNEY GENERAL OF PENNSYLVANIA;
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-04672)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: February 12, 2013)

_____

OPINION
_____

PER CURIAM

    Francis Ferri, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's order dismissing his civil rights complaint.  For the reasons that follow,

we will summarily affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Ferri is serving a life sentence that was imposed in 1987. In 2001, he filed an amended petition for post conviction relief in state court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). The PCRA court dismissed that amended petition as untimely, and the Pennsylvania Superior Court affirmed that decision in 2002.

In 2011, Ferri initiated the instant action by filing a 42 U.S.C. § 1983 complaint in the District Court against former Pennsylvania Attorney General Thomas Corbett and the Commonwealth of Pennsylvania ("Defendants"). Ferri alleged that the application of the PCRA's statute of limitations, see 42 Pa. Cons. Stat. § 9545(b), to his post-conviction proceedings violated his rights under, inter alia, the Ex Post Facto Clause, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, the Supremacy Clause, and the Pennsylvania Constitution. In light of these allegations, Ferri sought, inter alia, an order declaring that the application of the statute to his amended PCRA petition violated his constitutional rights, as well as an order barring Defendants from invoking that statute in a future PCRA proceeding.

Defendants subsequently moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In May 2012, the District Court granted that motion and dismissed Ferri's complaint with prejudice. This appeal followed.

2

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Ferri's complaint. See In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). Having carefully considered Ferri's arguments in support of his appeal, and for substantially the reasons provided by the District Court, we agree with that court's decision to dismiss his complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6. Ferri's requests for appointment of counsel are denied. We also deny Ferri's "Petition to Enjoin the Pa. DOC from Barring the SCI Dallas Lifer's Ass'n. from Petitioning to Intervene in the Instant Cause," as well as the petitions to intervene filed by prisoners James Everett, III, and Michael Moore. Finally, to the extent Ferri seeks class action certification here, that request is denied.

3